**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cr-00207-JEB** |
| | ) | |
| **CAMERON CLAPP,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |


**DEFENDANT CAMERON CLAPP'S SENTENCING STATEMENT**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

I.      Introduction

Comes now Defendants Cameron Clapp and through his undersigned counsel of record, William L. Shipley Esq., and submits to this Court his Sentencing Statement in advance of the Sentencing Hearing on October 16, 2024.[1]

Defendant Clapp appears for sentencing before this Court having pled guilty to Counts Three and Four of the Information, charging him with violations of 40 U.S.C. Sec 5104(e)(2)(D) and (G), Disorderly Conduct in a Capitol Building or Grounds, and Parading, Demonstrating, or Picketing in a Capitol Building. respectively.

Defendant Clapp faces a statutory maximum penalty of up to 6 months imprisonment and a fine up to $5,000 on each count.

II.     Sentencing Guidelines Calculation

Violations of 40 U.S.C. Sec 5104(e)(2)(D), Disorderly Conduct in a Capitol Building or Grounds and 40 U.S.C. Sec 5104 (e)(2)(G) Parading, Demonstrating, or Picketing in a Capitol Building -- are both Class B misdemeanors.  The Sentencing Guidelines do not apply.

III.    The Offense Conduct.

The parties entered into an agreed upon "Statement of Offense" as part of the plea agreement.  The Probation Officer has accurately set forth the "Offense Conduct" in the Presentence Report based on agreed upon "Statement of Offense."

---

[1] On October 12, 2024, Defendant Clapp filed an emergency motion to continue the sentencing based on medical reasons.

IV.     Sentencing Factors Under Sec. 3553(a)

Pursuant to 18 U.S.C. § 3553(a), certain numerous factors must be taken into account by the Court in formulating an appropriate sentence in this case.

The facts of this case, including the facts of the offense and factual circumstances pertinent to the Defendants background and personal characteristics, should inform this Court with respect to the following issues to be considered pursuant to Sec. 3553(a):

1.     Nature and circumstances of the offense and the history and personal characteristics of the defendant.

a.   The Nature and Circumstances of the Offense.

For the most part the actions of the Defendant's on January 6 are not in dispute.  As Judges in this District have recognized after studying the events of January 6 in great detail, the crowd at the Capitol that day can be generally categorized as having three primary constituent parts:

1) a relatively small group of individuals who came to the Capitol with the intent to engage in violence for the purpose of disrupting the Congress's certification of the 2020 Electoral Vote count for the purpose of interfering with the peaceful transfer of Presidential power between Administrations.

2) a larger number of protesters who intended to protest in a loud and raucous manner as a manifestation of their unhappiness and distrust with regard to the outcome of the election, but with no predetermined intention of engaging in violence.  Some in this second group were drawn into committing acts of violence once at the Capitol as a result of the way events unfolded; and

3) an even larger group who remained as spectators to what developed into a riot by members of the first two groups.

Defendant Clapp's conduct on January 6, 2021, places him in the third group.  Defendant Clapp traveled to Washington D.C., to hear former President Trump speak at the "Stop the Steal" rally.  Although he was a supporter of former President Trump during the 2020 election cycle, Defendant Clapp's attendance at the rally was more about his academic studies than it was about politics.  At the time Defendant Clapp was a student at California Polytechnic State University pursuing a Bachelor's Degree in Sociology.  Since there was never before a presidential election outcome called into question in the manner the 2020 election was questioned, Defendant Clapp's motivation for attending the rally was to study the dynamic of the crowd united by a common political cause, with the plan to write about his observations when he returned to school for the Spring Semester.

There is no dispute that Defendant Clapp arrived on the Capitol grounds around 3:00 pm, and did not enter the Capitol building until 3:34 pm, approximately 80 minutes after the initial breach at the Senate Wing doors.  Defendant Clapp took a small number of pictures just inside the door, and then exited the building at 3:38 pm.  He did not go further inside the building beyond just a few feet, and he committed no acts of violence or engaged in any encounter with law enforcement officers at that location at that time.

b.  <u>History and Personal Characteristics</u>.

4

While the PSR gives an accurate overview and description of Defendant Clapp's personal history, there are several factors this Court should take into consideration.

In 2001, Defendant Clapp was struck by a train which resulted in the loss of both of his legs and his right arm, making him a triple amputee who now goes about his life on a daily basis with the assistance of three prosthetic devices.

Despite his physical disabilities, Defendant Clapp graduated summa cum laude from California Polytechnic State University with a bachelor's degree in sociology.

From 2007 until April 2024, Defendant Clapp was employed as a Global Ambassador by Hanger Inc., a company that created customized state-of-the-art prostheses, bases, supports, cranial helmets and other types of devices to assist people with physical disabilities to live and function normally and safely. During Defendant Clapp's tenure with Hanger Inc. he served many roles, but most notably as the Patient Programs Coordinator.  Due to his arrest, Defendant Clapp was asked to resign from his position.  However, he remains active on social media as an advocate for those suffering from physical disabilities with the hopes of returning to work with Hanger Inc., or a business that provides similar kinds of services to the disabled community, and intends to continue to advocate on behalf of those in that community.

> 2.   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed

educational or vocational training, medical care, or other
correctional treatment in the most effective manner.

This Court, as a matter of justice and equity, should treat Defendant
Clapp no different than other misdemeanant offenders convicted in connection
with the riot at the Capitol on January 6 who engaged in the same or similar
offense conduct, i.e., committed no act(s) of violence and did not damage any
property.  He did not engage with any law enforcement officers and never
refused to follow directions given to him.  He was present inside the Capitol for
mere minutes, leaving after having taken a few photographs of himself in that
location.

Given Defendant Clapp's conduct on January 6, the sentence of
probation recommended by the Probation Officer is an appropriate response
from this Court to address the nature of the criminal acts involved here, and is
sufficient to meet the need for specific deterrence.  Anything custodial sentence
would be unnecessarily punitive, particularly in light of the collateral
consequences that his arrest and conviction have already had on his career.

This Court has handled similar cases and should consider its prior
sentencings.

In *United States v. Sizer*, 22-cr-367, this Court sentenced the Defendant
in that case to 12-months of probation.  *Sizer* and Defendant Clapp are
similarly situated as *Sizer* entered and remained inside the Capitol Building on
two separate occasions and in total remained inside for roughly six minutes.
Similar to Defendant Clapp, *Sizer* had no contact with law enforcement and left
the building shortly after entering.

In *United States v. Macrae*, 22-cr-181, this Court found a sentence of 12-months probation to be appropriate under the facts of that case.  Again, like Defendant Clapp, *Macrae* entered the Capitol Building and remained only for a matter of a few minutes.  *Macrae* engaged in no violence and did not have any confrontations with the police.

Finally, in *United States v. Edwards*, 21-cr-366, this Court found a sentence of 12-months probation sufficient.  *Edwards* entered the Capitol Building and remained inside for roughly 24 minutes — significantly longer than Defendant Clapp.  As with Clapp, *Edwards* committed no acts of violence and had no confrontations with the police.

This Court should consider the sentence imposed by the Honorable Judge Mehta in *United States v. Greene*, 21-cr-00028, a defendant in the third Oath Keepers trial.  While the facts are dissimilar in that Defendant Greene never entered the Capitol building, he did plead not guilty and was convicted at trial on one Class "A" misdemeanor charge.  He was acquitted of three felonies and a fourth felony count was dismissed following a mistrial.  Notwithstanding having gone to trial, Judge Mehta nevertheless imposed only a sentence of two years probation on Mr. Greene.

Defendant Clapp has pled guilty, and the offense conduct here is no more aggravating that was the conduct of Mr. Greene.  On that basis, a sentence of twelve months probation meets the penalty goals established by Sec. 3553(a) in this case.

DEFENDANT'S SENTENCING RECOMMENDATION

7

Based on a totality of the factors set forth in Section 3553(a), a sentence of twelve months probation is requested by Defendant Cameron Clapp for his actions on January 6, 2021.

Date: October 15, 2024                    Respectfully Submitted,

                                          /s/ William L. Shipley
                                          William L. Shipley
                                          PO Box 745
                                          Kailua, Hawaii 96734
                                          Tel: (808) 228-1341
                                          Email: 808Shipleylaw@gmail.com

                                          *Attorney for Defendant*